ELLIS, Judge.
On June 23, 1970, the Civil Service Commission received the following notice of appeal, dated June 22, 1970:
“This is to request an appeal for Earnest Carpenter from the action of Confederate Memorial Medical Center, firing or discharging him from his employment with that institution as a Custodial Worker II.
“Mr. Carpenter informed the commission of his desire for an appeal from the action by letters dated January 22, 1970 and February 1, 1970. This letter is for the purpose of again requesting an appeal before the commission for the purpose of having Mr. Carpenter restored to his former position.
“The facts surrounding his termination are substantially as follows :
“On or about January 6, 1970, Earnest Carpenter was advised by Mr. Duncan and Mr. Gar that he was to be terminated on January 15, 1970. One of the reasons given was that he was unable to do the work properly. Up until that point, Earnest had never been advised that his work was anything less than satisfactory. Earnest protested the action to be taken but to no avail.
*162 “During this meeting and while Earnest was in a state of confusion and despair, he signed some kind of instrument. He has since been informed that this instrument has been regarded as a voluntary resignation. Earnest did not resign. He was discharged and without good reason. It is respectively submitted that the action taken by Mr. Duncan and/or Mr. Gar in obtaining Earnest’s signature was an attempt to circumvent the Civil Service Commission Rules — especially 12.1 et seq.
“The effective date of Carpenter’s termination was January 15, 1970. Exactly a week later i. e. on January 22, 1970, he wrote to the Commission, copy of letter attached, advising them that he had been fired and requesting a review of his case.
“We respectfully request and apply for a formal hearing before the Commission for the purpose of determining whether or not Mr. Carpenter should be restored to his former position with Confederate Memorial Medical Center in Shreveport, Louisiana.”
On the day the appeal was fixed for rehearing, the appointing authority, Confederate Memorial Medical Center, filed a motion to dismiss the appeal on the grounds that it was not made in the required manner and was not timely. The Civil Service Commission dismissed the appeal, and Earnest Carpenter has appealed to this court.
The record contains a Personnel Action form reflecting that Carpenter resigned on January 6, 1970, effective January 15, 1970. Copies of Carpenter’s letters of January 22 and February 1, 1970, are also in the record. No stipulations of fact were entered into, and no evidence was taken by the Commission.
The Civil Service Rules relative to the form and delay for appeal are as follows:
“13.11 Request for Appeal
“A notice of appeal must
“(a) Be in writing; and
“(b) Be signed by the appellant or on his behalf by an attorney duly licensed to practice law in the Courts of the State of Louisiana; and
“(c) Give the name and mailing address of the appellant, and of his attorney, if any; and
“(d) Contain a clear and concise statement of the action complained against and the basis of the appeal; and
“(e) Give the date on which the action appealed from occurred, or that the appellant learned thereof; and
“(f) State the date that the appellant received written notice of the action complained against, if written notice was given; and
“(g) State the relief the appellant seeks.
“13.12 Delay for Making Appeal
“(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is received in the office of the Director in the Department of State Civil Service at Baton Rouge, Louisiana.
“1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
“2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.”
Article XIV, § 15(N) (1) of the Constitution of 1921 provides as follows:
“Employees rights and obligations; dismissal, etc. for cause. No person in the State or Classified Service, having acquired permanent Civil Service status, *163 shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority. (a) The burden of proof on appeal, as to the facts, shall be on the employee.”
The foregoing constitutional provision has been consistently held to mean that a permanent civil service employee who receives no written notice of discharge does not lose his right of appeal within 30 days of oral notification, because the discharge is totally ineffective. See Young v. Charity Hospital of La. at New Orleans, 226 La. 708, 77 So.2d 13 (1954); Day v. Department of Institutions, 228 La. 105, 81 So.2d 826 (1955). Until such notice of dismissal is given in writing, the appeal delays do not begin to run.
We do not believe that the Commission could have intended to transgress the foregoing constitutional principle when it adopted Rule 13.12 (a) (2), and we do not interpret it as applying to cases of dismissal of a permanent civil service employee.
In this case, the employee claims permanent status, and denies that he resigned. He alleges that he was discharged without cause. If these facts are true, Carpenter still has his right of appeal.
The appointing authority claims that Carpenter was a probationary employee who voluntarily resigned. If these facts are true, Carpenter has no right of appeal, under Civil Service Rules 9.1 and 12.8.
Under the circumstances, we think the ends of justice would best be served by remanding the matter to the Civil Service Commission so that it may determine the facts surrounding the termination of Earnest Carpenter’s employment, as well as his status as a permanent or probationary employee.
The opinion of the Civil Service Commission is hereby reversed, and set aside, and the matter remanded for further proceedings in accordance herewith.
Reversed and remanded.