277 So.2d 453 (1973)
John S. DUCZER
v.
STATE BANKING DEPARTMENT.
No. 9319.
Court of Appeal of Louisiana, First Circuit.
April 24, 1973.
Curtis K. Stafford, Jr., and James F. Pierson, Jr., Baton Rouge, for appellant.
Kenneth E. Pickering, New Orleans, for State Banking Commissioner of La.
Before LOTTINGER, ELLIS and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a Louisiana Civil Service Commission opinion which summarily dismissed without a hearing appellant's application for an appeal.
On June 2, 1972, appellant submitted the following letter to Mr. Clebert C. Smith, State Banking Commissioner:
". . . Please accept my resignation as, Senior Small Loan Examiner effective to-day June 2, 1972, which is due to personal reasons that I have discussed with you earlier in the day.
 Yours truly:
 John S. Duczer"
*454 On June 30, 1972, appellant filed a petition for appeal to the Louisiana Civil Service Commission wherein he made the following allegation:
". . . Appellant has been a classified employee employed as a State Banking examiner for the State of Louisiana for 17 years with a monthly salary of $1,200.00. On June 2, 1972, Appellant was forced to resign his position by the State Banking Commissioner, Colbert (sic) Smith, for the apparent reason that appellant was indebted to institutions that are under the Supervision (sic) of the Louisiana Banking Department . . ." (emphasis added).
On September 28, 1972, the State Banking Department filed a "Motion for Summary Disposition of Appeal" with the Civil Service Commission. This motion asked for a dismissal of the Duczer appeal on the ground that Duczer resigned, and was not dismissed.
On November 27, 1972, the Civil Service Commission issued an opinion granting the dismissal of the Duczer appeal on the grounds that he had resigned voluntarily. There was never an evidentiary hearing.
Appellee argues here, as before the Civil Service Commission, that appellant resigned of his own free will and thus has no right of appeal. Appellee further argues that appellant admits to resigning of his own free will. The record does not support this contention. Appellant admits submitting a letter of resignation, but specifically argues that it was not of his own free will. If Duczer voluntarily resigned, then he has no right of appeal. On the other hand if he was forced to submit his resignation without cause, he does have the right to appeal. c. f. Carpenter v. Confederate Memorial Medical Center, 250 So.2d 161 (La.App.1971). There appears to be no way to resolve the factual dispute without a hearing as to the facts surrounding the termination of the employment.
Accordingly, the opinion of the Civil Service Commission is hereby reversed, and set aside, and the matter remanded to the Commission for further proceedings in accordance with this opinion.
Reversed and remanded.