369 So.2d 235 (1979)
Charles R. PETERSON
v.
DEPARTMENT OF STREETS.
No. 9776.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1979.
Rehearing Denied April 16, 1979.
Writ Refused June 11, 1979.
New Orleans Legal Assistance Corp., Mark A. Moreau, Jane Johnson, New Orleans, counsel for Charles R. Peterson, appellant.
Michael A. Starks, Barbara Treuting Casteix, Asst. City Atty., Donald A. Hoffman, *236 City Atty., for Department of Streets, appellee.
Before GULOTTA, BOUTALL and GARRISON, JJ.
BOUTALL, Judge.
This is an appeal from a decision of the Civil Service Commission of the City of New Orleans determining that an employee had failed to report to work within a period of leave granted and was properly removed from the roll of employees.
Charles R. Peterson was an employee of the Department of Streets, City of New Orleans, when he suffered an off-duty automobile collision. The following Monday morning, July 25, 1977, he telephoned the department's personnel office, told them of his injuries and requested authorized leave because of an appointment with the doctor the following day. On the following day, after attending the doctor, he reported to his supervisor, Mr. Jose Gonzales, showed him the doctor's certificate of his disability and requested an indefinite period of leave without pay in order to recover from his injuries. Gonzales granted him leave without pay, and it is the extent of this leave that is in dispute.
Peterson contends that he was granted 15 days leave without pay and that these days were considered by him to be working days, and because he worked 5 days per week, he concluded that the leave period would extend through Friday, August 12, and he would report to work the following Monday. Accordingly, he reported on August 12, only to learn that he had been determined to be absent over leave from August 9th, and accordingly, had been considered as resigned under Civil Service regulations.
The position of the Department is that Peterson had been granted two weeks leave without pay, which was to expire on August 9th, because the grant of a weekly period meant calendar weeks of 7 days and not a grant of simply working days. The Department's position is based both upon the Civil Service regulations and the statements of the authorizing supervisor, Gonzales.
Both parties refer us to the provisions of Civil Service Rule VIII, § 5.1[1]. Jerry Morrison, the senior personnel analyst for the Department of Streets explained that in the interpretation of the Section, an employee was not considered as having been granted a leave of working days unless it was so specified. The procedure was whenever an employee was granted leave, whether of working days only or calendar days, that the Department entered onto its records the corresponding calendar period with the date of beginning and end of the leave. Thus, if Peterson were granted 15 working days of leave, as he contended, the actual period involved would be 21 calendar days or three weeks (5 working days, plus 2 week-end days equal 1 calendar week). The personnel record in this case reflected that Peterson's leave was entered as the period July 25 through August 9th inclusive, or 16 days. Since Peterson initially called and was granted time on July 25 to attend the doctor on the 26th and reported that afternoon requesting additional leave, the period granted corresponds to the initial telephone request plus 2 weeks (14 calendar days) granted by Gonzales.
*237 In our consideration of this case, we do not see any problem posed with the interpretation of the Civil Service Rule. Leave can be granted in calendar days or working days if specified, and the only problem that is presented here is a factual determination as to the extent of the leave granted in this case. Peterson testified that he requested an indefinite time, and that his supervisor Gonzales told him 15 days without specifying whether they were working days or calendar days. However, Gonzales testified emphatically that he granted 2 weeks leave. The personnel analyst testified that under the circumstances that would translate to 15 calendar days.
Based upon the testimony of the witnesses of the Department and an evaluation of the credibility of that testimony, there is ample basis for the conclusion of the Civil Service Commission that Peterson did not return within the authorized period of leave without pay granted him, and thus was properly considered as resigned.
Appellant Peterson raises an issue as to the constitutionality of the regulations or of the interpretation reached by the Civil Service Commission that a person held to have resigned is not entitled to an appeal. Appellant was granted an appeal in this case and a hearing was had to determine whether or not his involuntary resignation was properly imposed. Our attention is not directed to any regulation which would prohibit an appeal from an involuntary resignation. We believe the statement of the Civil Service Commission in its decree which reads: "Since plaintiff has effectually resigned his position and, therefore, does not have the right to appeal, this appeal is hereby dismissed." is erroneous. However, we do not consider that to be a controlling issue in this case because the applicant was granted a full evidentiary hearing and all of his rights of appeal.
In order to clear up any misunderstanding which might arise as a result of that language, we rule that a forced resignation or involuntary resignation by operation of the regulations cannot bar the right to appeal. See Duczer v. State Banking Department, 277 So.2d 453 (La.App. 1st Cir. 1973) and Carpenter v. Confederate Memorial Medical Center, 250 So.2d 161 (La.App. 1st Cir. 1971). An opposite result would allow the mere characterization of disciplinary action as a "resignation" to subvert the right to appeal guaranteed in Article 10 § 8 of the Louisiana Constitution.
Accordingly, we amend the decree appealed from to delete that portion stating the plaintiff "does not have the right to appeal" and, as thus amended, we affirm the decree holding that Peterson had effectually resigned his position.
AMENDED AND AFFIRMED.
NOTES
[1] Civil Service Rule VIII, § 5.1

"5.1 An appointing authority may grant an employee, other than transient, emergency, or provisional, leave without pay for a period not to exceed ninety (90) days or one period of three (3) months within a calendar year whenever such leave is considered to be in the best interest of the service; provided that:
"(a) leave without pay for a longer period may be granted only with the consent of the Director, subject to review by the City Civil Service Commission, and
(b) When an employee is on leave without pay for more than five (5) consecutive working days, the appointing authority must submit a personnel form to the City Civil Service Department, and
"(c) when an employee does not return to work at the expiration of a period of leave without pay as authorized herein, he shall be considered as having resigned his position as of the day following the last day of leave, and
"(d) provisional and transient employees may be granted temporary leave without pay for a period not exceeding five (5) working days."