BOUTALL, Judge.
Plaintiff appeals a decision of the Jefferson Parish Personnel Board dismissing his administrative appeal without an evidentia-ry hearing.[1] Plaintiff was injured in an off-the-job accident which resulted in a 90 day leave of absence from his job with the defendant. On the basis that he did not return to work at the end of the 90 day period, he was terminated pursuant to Rule 9, Section 5.1(c) of the Jefferson Parish Personnel Rules, which provide:
An appointing authority may grant an employee, other than a transient employee, leave without pay for a period not to exceed an aggregate of 90 calendar days within a period of 12 consecutive months, whenever such leave is considered to be in the best interest of the service; provided that:
[[Image here]]
(c) When an employee does not return to work at the expiration of a period of leave without pay as authorized herein, s/he shall be considered as having resigned his/her position as of the day following the last day of leave ...
Plaintiff appealed his termination to the Personnel Board which dismissed the appeal without a hearing, stating:
The appellant herein was separated from the payroll because of absenteeism and failure to return to work after expiration of a leave of absence. He appealed based on some 20 years of service alleging that he has not violated any rules.
*533 This Board has no authority to order an appointing authority to grant leave of absence without pay, even were it prone to do so. Accordingly, it is ordered that the appeal be and the same is hereby dismissed.
A petition for judicial review was filed in the 24th Judicial District Court, which was transferred to this court as the proper court having appellate jurisdiction.
The sole issue on appeal is whether plaintiff is entitled to an evidentiary hearing in his appeal of his termination. He contends Rule 4.1 and 4.5 of the Rules of the Personnel Board mandate a hearing. They provide:
4.1 Regular employees in the classified service shall have the right to appeal to the Board from suspension, fine, dismissal, layoff, reduction in pay, or demotion, to test the reasonableness of such action. The burden of proof on appeal, as to the facts, shall be on the appointing authority-
4.5 Within 45 days after receipt of an appeal the Board shall initiate a hearing. The Board shall have the right to continue the hearing from time to time for good cause and reason.
The appellee contends plaintiff abandoned his job; therefore he voluntarily resigned and is not entitled to a hearing or an appeal. This argument was rejected under similar circumstances in Peterson v. Department of Streets, 369 So.2d 235 (La. App. 4th Cir.1979). There, plaintiff was terminated for the same reason as the instant plaintiff and under a Civil Service rule which is virtually identical to Rule 9, Section 5.1(c). The only difference is that plaintiff was afforded an administrative hearing in Peterson; the issue there concerned the extent of leave plaintiff had been granted. However, in Peterson there was raised the constitutional issue of the interpretation of the Civil Service regulation that a person held to have resigned his job was not entitled to an appeal. There was no question there that plaintiff had involuntarily resigned, and the court held:
... Our attention is not directed to any regulation which would prohibit an appeal from an involuntary resignation. We believe the statement of the Civil Service Commission in its decree which reads: “Since plaintiff has effectually resigned his position and, therefore, does not have the right to appeal, this appeal is hereby dismissed.” is erroneous_
In order to clear up any misunderstanding which might arise as a result of' that language, we rule that a forced resignation or involuntary resignation by operation of the regulations cannot bar the right to appeal. See Duczer v. State Banking Department, 277 So.2d 453 (La.App. 1st Cir.1973) and Carpenter v. Confederate Memorial Medical Center, 250 So.2d 161 (La.App. 1st Cir.1971). An opposite result would allow the mere characterization of disciplinary action as a “resignation” to subvert the right to appeal guaranteed in Article 10, Section 8 of the Louisiana Constitution.
Defendant relies on Hill v. Department of Health and Human Resources, 457 So.2d 781 (La.App. 1st Cir.1984), but that case can be distinguished from the present one. There the decision and the appeal were based upon the facts presented at the hearing. The employee was afforded an evidentiary hearing and that was not the issue on appeal. Here, the employee was not afforded a hearing to contest the validity of his termination.
In the present case, the discharged employee was not granted a full appeal. The decision of the Board cited above seems to indicate that the Board felt as a legal matter it had no authority to order the appointing authority to grant leave of absence without pay and so simply dismissed the appeal without giving the employee an opportunity to present evidence. The record discloses only that the employee petitioned to the Board for an appeal stating “7. I hereby request the Board to consider my appeal and I would like to have my job back because I have been there over 20 yrs. and haven’t violated any rules.”
*534 We are not aware of any stipulation of facts, and the record consists solely of a number of letters back and forth. From that record we do not perceive any basis upon which the Board could merely decide as a legal matter that it had no authority to order an appointing authority to grant leave of absence without pay. The issue started out at least to be whether the employee was entitled to have his job back or, to put it another way, was he properly discharged. This could not be determined without a factual hearing of some sort. We see no basis upon which a pure legal determination could be made.
Accordingly, we are of the opinion that both the law and the regulations require the employee be given an opportunity for an evidentiary hearing, and this matter must be remanded back to the Personnel Board to afford such a hearing.
The decision appealed from is annulled and set aside and the matter is remanded back to the Personnel Board of Jefferson Parish for an evidentiary hearing.
SET ASIDE AND REMANDED.

. Our docket No. 85-CA-329, consolidated with this appeal, is merely the designated record in this appeal.