528 So.2d 1060 (1988)
Joseph WILSON, Jr.
v.
DEPARTMENT OF PUBLIC WORKS, OFFICE OF STREETS.
No. 88-CA-124.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1988.
*1061 Stanga & Mustian, P.L.C., William R. Mustian, III, Metairie, for plaintiff-appellant.
Anthony Messina, Parish Atty., Clement P. Donelon, Asst. Parish Atty., Gretna, for defendant-appellee.
Before CHEHARDY, C.J., and GAUDIN and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
Joseph Wilson Jr., a twenty-year employee of the Jefferson Parish Department of Public Works, Office of Streets, was dismissed from his job for failure to return to work following the expiration of an unpaid leave of absence. He appeals a decision of the Jefferson Parish Personnel Board that denied his motion to reopen his appeal and reaffirmed its previous decision that his termination was justified.
Wilson was injured in an off-the-job accident in June 1984. He took sick leave beginning July 2, 1984. His accrued sick leave and annual leave expired on October 8, 1984, but he had not yet been released by his doctor to return to work. On November 6, 1984, he was notified by letter from the Director of the Office of Streets that he had been placed on authorized leave without pay until November 23, 1984, but that his position could not be held vacant after that time due to manpower requirements of the department.
The letter quoted Rule 5.1 of the Jefferson Parish Personnel Rules, which states:
"An appointing authority may grant an employee * * * leave without pay for a period not to exceed an aggregate of ninety (90) calendar days within a period of twelve consecutive months, whenever such leave is considered to be in the best interest of the service; provided that:

* * * * * *
(c) when an employee does not return to work at the expiration of a period of *1062 leave without pay as authorized herein, s/he shall be considered as having resigned his/her position as of the day following the last day of leave * * *."
The letter advised Wilson that if he did not report for work by November 26, 1984, "this office will commence the process of filling your position with a new employee, unless some satisfactory declaration is presented to abrogate this action."
On November 27, 1984, Wilson was sent a second letter from the Director of the Office of Streets. Reiterating much of the information contained in the November 6 letter, the Director stated, "It is not in the best interest of Jefferson Parish or this Department to have your position vacant for an indefinite length of time. The Division in which you work is handicapped by not having a full complement of personnel and as a result, the backlog of work keeps getting larger."
The Director, stating he had been informed that Wilson had not reported to work as of November 27, 1984, concluded, "In conformance with Jefferson Parish Personnel Rule 5.1, this office has no alternative but to interpret your absence as a resignation from your position with the Department of Public Works." Wilson was advised his employment was terminated, effective that day.
On December 21, 1984, he filed an administrative appeal to the parish Personnel Board. The Personnel Board dismissed his appeal without an evidentiary hearing, stating, "This Board has no authority to order an appointing authority to grant leave of absence without pay, even were it prone to do so."
Wilson then filed a petition for judicial review in the 24th Judicial District Court, which was transferred to this court as the proper court having appellate jurisdiction. Finding Wilson entitled to a factual hearing under the Personnel Board rules, we set aside the decision and remanded the matter to the Personnel Board for an evidentiary hearing. Wilson v. Jefferson Parish Dept., 485 So.2d 532 (La.App. 5 Cir.1986).
On remand, the hearing took place before a hearing examiner on May 6, 1986. After reviewing the transcript, the Personnel Board rendered its decision on June 23, 1986. The Board made the following findings: (1) that Wilson had exhausted all of his annual leave, sick leave and leave without pay; (2) that he was not released by his physician to return to work on the date he was ordered to report; and (3) that Wilson did not report to work or to any of his supervisors on the date he was ordered to do so. The Board found Wilson's testimony that he had reported to work on the required day unpersuasive. Based on these findings, the Board upheld Wilson's job termination.
On November 3, 1987, Wilson filed a motion to reopen his civil service appeal on the ground of newly-discovered evidence. Specifically, during discovery for unconnected civil litigation he had found in his personnel file a memo from his departmental supervisor, Harold Pete, to Harold Schomaker, director of the Office of Streets. The memo, dated November 27, 1984, supported his claim that he had returned to work on the appointed day, although Harold Pete had testified to the contrary at the 1986 hearing.
On December 21, 1987, a hearing took place on Wilson's motion to reopen his appeal. The testimony established Pete had sent the memo to Schomaker on November 27, 1984, reporting that Wilson had come to the office on the preceding day in response to the letter of November 6, 1984. Pete had spoken to Wilson and had asked him if he had a doctor's certificate to return to work. Wilson did not; therefore, Pete informed him he could not return to work until he had a release from the doctor. Wilson had said he understood and had left.
Pete testified at this second hearing that his testimony at the first hearing had been unintentionally inaccurate, due to the 18-month lapse between when the memo was sent and when the administrative hearing took place. He said he had made an honest mistake, because he had not reviewed Wilson's personnel file prior to the first hearing and his testimony had been based only on his recollection. He did not know *1063 whether the memo actually was in the personnel file on the day of the first hearing.
Following the second hearing, the Personnel Board issued an order denying Wilson's motion to reopen his appeal. The Board stated they were persuaded "that the Appellant did appear for work, but was unable to work, and that the Appointing Authority was, therefore, justified in terminating the Appellant's employment." From this decision the appeal now before us was taken.
Wilson contends that he was not provided with sufficient written notice of the specific reasons for his dismissal; that the discovery of Pete's incorrect testimony should be considered sufficient basis to nullify the prior decision of the Personnel Board; and that the Board has no authority to affirm his termination for reasons not stated in his termination letter.
In reviewing a civil service commission's findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. Walters v. Dept. of Police of New Orleans, 454 So.2d 106 (La.1984). In judging the commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission's order unless it is arbitrary, capricious or characterized by abuse of discretion. Id. With respect to decisions as to jurisdiction, procedure, and interpretation of laws and regulations, however, the judicial review function is not so limited. Id.
Regarding the alleged nullity of the prior Personnel Board decision, Wilson contends the Board clearly relied heavily upon the testimony of Harold Pete in making that decision. He asserts there is no evidence the November 28, 1984, memorandum was ever in his personnel file so that he could have discovered it earlier. He contends that, as a result, a manifest injustice was done to him, making the decision subject to annulment for "fraud or ill practices" under the provisions of LSA-C.C.P. art. 2004.
We consider the question of annulling the judgment moot, however. When presented with the motion to reopen the appeal because of the "newly-discovered evidence," the Personnel Board granted Wilson a hearing at which he was allowed to present the memorandum as well as to present further testimony. This had the effect of granting Wilson a new "trial." Following the presentation of the additional evidence, the Personnel Board rendered its decision, again upholding Wilson's dismissal. Although the Board couched its decisions in terms of denying the motion to reopen the appeal, in fact what was done was to rehear the case and render a new decision. Unfortunately for the appellant, the new decision had the same outcome as the original one.
Accordingly, the only questions remaining are whether the dismissal was for legal cause after proper notice.
Legal cause exists for disciplinary action against a permanent classified employee whenever that employee's conduct is detrimental to the efficient and orderly operation of the public service for which the employee was employed. Dubois v. Department of Health, 486 So.2d 216 (La. App. 1 Cir.1986). A civil service rule providing for the permissible termination of an employee who is unable to perform his duties by reason of illness, and who has exhausted his sick leave, expresses a legal cause for dismissal. Bradford v. Department of Hospitals, 255 La. 888, 233 So.2d 553 (1970); Dickson v. Department of Highways, 234 La. 1082, 102 So.2d 464 (1958).
Wilson claims the letter of termination was insufficient notice of the reason for his dismissal because the letter stated he did not report to work, yet the newly-discovered evidence showed he did. In addition, he asserts, the letter failed to state he was required to have a doctor's certificate.
We find no merit to this argument. In the letters of both November 6 and November 27, the appointing authority quoted Rule 5.1(c) of the Jefferson Parish Personnel Rules, concerning failure to return to work at the expiration of a leave without *1064 pay. We find it is the clear intent of this rule that the employee must be returning to perform his work, not simply returning to the site of his employment.
This was sufficient to place the appellant on notice that his not being on the jobnot physically workingon or before November 26 was the cause of his dismissal.
For the foregoing reasons, therefore, the decision of the Personnel Board is affirmed. Appellant is cast with costs of this appeal.
AFFIRMED.