WICKER, Judge.
This is an appeal from a decision of the Jefferson Parish Fire Civil Service Board reversing the Superintendent of Fire’s dismissal of Anthony Sambola, a firefighter.
Anthony Sambola has been a firefighter with the East Bank consolidated Special Fire Protection District of Jefferson Parish since 1986. In February 1991 Sambola began using sick leave for a non-job related illness. Sambola exhausted all of his sick and annual leave. On March 27, 1991, Sambola requested that he be placed on extended leave of absence without pay pursuant to Personnel Rule X, Section 7, Subsection 7.1 of the East Bank Consolidated Fire Department Personnel Rules.[1] Between March 27 and September 10, 1991, Sambola returned to his duties and then again was unable to work due to his illness. By September 10,1991 Sambola had exhausted 90 days leave of absence without pay.
Subsequently, Sambola received a letter dated September 10, 1991 from the Superintendent of Fire, Edward O’Brien, stating that Sambola had exhausted 90 days leave of absence without pay. The letter further directed Sambola to report to O’Brien’s office on September 16, 1991. At the time of that meeting, the letter stated, Sambola was to provide information explaining why O’Brien *288 should not consider Sambola resigned of his position pursuant to Rule X § 7.
At the September 16th meeting Sambola appeared with a letter from one of his physicians stating that Sambola would be available to return to work soon after September 20, 1991. On September 17,1991, O’Brien sent a letter to Sambola telling him he was terminated as of that date.
Sambola appealed the Superintendent’s action to the Jefferson Parish Fire Civil Service Board. The Board reversed the Superintendent’s action and reinstated Sambola. The East Bank Consolidated Fire Protection District appealed the Board’s decision to the District Court. The District Court affirmed the Board. The Fire Protection District now appeals to this Court.
We affirm, upholding the Board’s decision to reinstate Sambola.
The appropriate standard of review for a civil service board reviewing actions of a civil service commission is to determine whether the conclusion reached by the commission was arbitrary or capricious. Jones v. Department of Public Works, 673 So.2d 667 (La.Ct.App. 5th Cir.1991). Action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the employee’s conduct and the efficient operation of the public service. Id.
Additionally, the appointing authority must demonstrate by a preponderance of the evidence that the employee’s conduct did in fact impair the efficiency and orderly operation of the public service. Id. In short, the appointing authority bears the burden of proving legal cause for the action taken.
Furthermore, the factual findings of a civil service board are not to be overturned in the absence of manifest error. Id.
In the instant case, the Board found that the Superintendent acted arbitrarily and capriciously in terminating Sam-bola. We find no manifest error in the Board’s finding.
The Fire Protection District argues that it had legal cause to terminate Sambola pursuant to Personnel Rule X, once Sambola exhausted his 90 days leave without pay. In support of its contention, the Fire Protection District points to a Policy Memorandum from the Parish President’s Office. That Memorandum stated that the maximum amount of leave without pay that may be approved for any employee is 90 days. Although Rule X allows the Superintendent to grant leave without pay for periods longer than 90 days, the Fire Protection District argues the Superintendent is bound by the Policy Memorandum.
However, by delaying Sambola’s termination until after the September 16th meeting, the Superintendent extended Sambola’s leave without pay. Thus, the issue here is not whether the Superintendent may or should have given Sambola more than 90 days leave without pay. The pivotal issue is whether the Superintendent acted arbitrarily and capriciously in terminating Sambola once his leave without pay was extended.
At the September 16th meeting, Sambola produced a letter stating he would be able to return to work shortly after September 20, 1993. Correspondence entered into the record reveals that the Superintendent rejected the letter because it was signed by someone other than Sambola’s original treating physician. The letter was signed by a physician who had provided care for Sambola while he was in the hospital.
Unfortunately, Sambola’s treating physician was in India from September 14, 1991 until September 28, 1991. Thus, Sambola was unable to provide the required medical release on September 16th, the day of the meeting.
The Board found that Sambola should not be penalized merely because his original treating physician was out of the country. Evidently the board found that the Superintendent acted arbitrarily and capriciously in terminating Sambola on the 17th, in light of a physician’s letter stating that he could return to work within a week of that date. We agree.
*289 Furthermore, as previously stated, the Fire Protection District bears the burden of proving it had legal cause to terminate Sam-bola. During the. Board’s hearing, the Fire Protection District failed to provide any testimony proving it had legal cause.[2] The Fire Protection District provided no evidence that Sambola’s leave of absence without pay was detrimental to the efficient and orderly operation of the fire department. The Board obviously found that the Fire Protection District did not meet its burden of proving legal cause to dismiss Sambola.
Finally, the Fire Protection District argues that Wilson v. Department of Public Works, 528 So.2d 1060 (La.Ct.App. 5th Cir.1988), is applicable here. However, in Wilson, the Personnel Board made factual findings supporting the Director’s termination of an employee. Id. Here, the Board made factual findings that supported reinstating Sambola.
In Wilson, the Director of the Office of Streets chose not to extend leave without pay for more than 90 days to a public works employee. Id. In this case, the Fire Superintendent did extend Sambola’s leave without pay for more than 90 days. In Wilson, the employee did not provide any type of physician’s certificate stating when he could return to work. Id. Conversely, Sambola provided a doctor’s certificate which was rejected by the Superintendent. The Wilson case is factually distinguishable from this case.
Accordingly, for the foregoing reasons, the decision of the Jefferson Parish Fire Civil Service Board is affirmed.

AFFIRMED.

. Rule X § 7 of the East Jefferson Consolidated Fire Department Personnel Rules (known as the “Red Book”) provides in pertinent part:
The Superintendent may grant an employee, other than transient employee, leave without pay and not to exceed 90 calendar days within a period of twelve consecutive months ...
(a) leave without pay for a longer period may be granted only with consent of appointing authority; and ...
(c) when an employee does not return to work at the expiration of a period of leave without pay as authorized herein, they shall be considered as resigned their position as of the day following the last day of leave; ...

. Superintendent O'Brien, the Fire Superintendent who terminated Sambola did not testify at, nor attend the Board's hearing.