704 So.2d 862 (1997)
Salvador PALMISANO
v.
DEPARTMENT OF FLEET MANAGEMENT, PARISH OF JEFFERSON.
No. 97-CA-745.
Court of Appeal of Louisiana, Fifth Circuit.
December 10, 1997.
Allain F. Hardin, New Orleans, for Plaintiff/Appellant.
Clement P. Donelon, Metairie, for Defendant/Appellee.
Before GOTHARD, CANNELLA and DALEY, JJ.
DALEY, Judge.
This is an appeal taken by an employee from a decision rendered by the Personnel Board of the Parish of Jefferson. After a thorough review of the record and the law, we affirm the findings of the Board.

FACTS
Appellant, Salvador Palmisano, was employed by the Parish of Jefferson as a tire shop foreman in the Department of Central *863 Garage, which was under the Department of Fleet Management. Mr. Palmisano sent a letter of resignation to the Director of the Department of Fleet Management, Mr. Anthony DiGerolamo, dated September 7, 1995, stating that Mr. Palmisano wished to resign effective September 15, 1995. This letter was received by Mr. DiGerolamo on September 11, 1995. On that same date, Mr. Palmisano verbally rescinded his resignation to his immediate supervisor, Mr. Johnny Comfort. Two days later, on September 13, 1995, Mr. Palmisano put his rescission in writing. He brought the rescission letter to the Department of Personnel where it was clocked in at 9:03 a.m. This letter was also addressed to Mr. DiGerolamo. There is some disagreement as to when the rescission letter reached Mr. DiGerolamo. The Parish requires that certain paperwork be completed when a resignation is submitted. The required paperwork was completed on September 13, 1995, and Mr. Palmisano's last day of employment with the Parish was September 15, 1995.
Mr. Palmisano filed a Petition of Appeal to the Personnel Board of the Parish of Jefferson on October 11, 1995, requesting that the Board hear his appeal and order that he be reinstated to his previous position with back pay. The Board issued an order holding that appellant submitted a written resignation to his Appointing Authority and then attempted to rescind his resignation and that once such a resignation is submitted to one's Appointing Authority, rescission is within the discretion of the Appointing Authority. The Board then dismissed the appeal for lack of jurisdiction. An appeal was taken to this Court and the matter was remanded to the Board to hold a hearing regarding the alleged withdrawal of resignation. Palmisano v. Department of Fleet Management, Parish of Jefferson, 96-254 (La.App. 5th Cir. 10/16/96), 681 So.2d 1324, not designated for publication.
The Board held a hearing on January 28, 1997, and made the following findings:
i. Appellant submitted his written resignation to the Appointing Authority on or about September 11, 1995, indicating therein, that he was resigning effective September 15, 1995;
ii. Appointing Authority accepted his resignation as of the date it was submitted;
iii. Thereafter, on September 15, 1995, Appellant filed a letter with the Appointing Authority seeking to rescind his previously filed resignation.
This Board is persuaded that once the Appellant had submitted his resignation to the Appointing Authority, and same was accepted by the Appointing Authority, the Appellant's employment with Jefferson Parish ended as of the effective date of the resignation. In this case, no evidence was offered to show that the Appellant was somehow coerced into resigning. Consequently, his resignation was a voluntary one. In as much as the Personnel Rules of Jefferson Parish do not provide a right of appeal from a voluntary resignation, this Board logically, does not have jurisdiction to consider this appeal.
The appeal was dismissed and appellant has appealed to this Court pursuant to Jefferson Parish Ordinance No. 4074 Rule II, Section 7.1.
On appeal, appellant argues that 1) the Personnel Board erred in holding that Mr. Palmisano voluntarily resigned effective September 15, 1995; 2) erred in failing to hold that Mr. Palmisano could withdraw his resignation; and 3) erred in upholding the discretionary act of Mr. DiGerolamo in failing to accept Mr. Palmisano's rescission of his resignation. Mr. Palmisano contends that since the Personnel Rules do not provide guidelines for rescission of a voluntary resignation, he has a right to rescind the resignation. He further argues that since he had a right to rescind his resignation, that the rejection of his rescission was an involuntary discharge from which he has a right to appeal as provided in the Personnel Rules.
Appellee responds by simply stating that the findings of the Board are supported by the evidence, Mr. Palmisano voluntarily resigned and has no right of appeal. Appellee further argues that since appellant did not raise the issue of Mr. DiGerolamo's authority in the Board hearing, he is precluded from raising this issue for the first time on appeal.

*864 ANALYSIS

When reviewing findings of fact made by the Board, the appellate court must apply the manifest error standard, that is, the appellate court cannot reverse the Board's findings unless the appellate court finds manifest error. Ruddock v. Jefferson Parish Fire Civil Service Board, 96-831 (La.App. 5th Cir. 1/28/97), 688 So.2d 112; Bolar v. Department of Public Works-Water, 95-346 (La.App. 5th Cir. 10/31/95), 663 So.2d 876.
The Personnel Board was created by Jefferson Parish Ordinance No. 4074. Rule II Section 4.1 sets forth the process for appeals stating:
Regular employees in the classified service shall have the right to appeal to the Board from suspension, fine, dismissal, layoff, reduction in pay, or demotion, to test the reasonableness of such action. The burden of proof on appeal, as to the facts, shall be on the appointing authority.
Appellant urges that since the rules do not provide for an appeal from a voluntary resignation, that he must have the right to appeal. Appellee contends that the only right to a hearing which a public employee who voluntarily resigns has is the right to a hearing to determine if his resignation was in fact voluntary. Appellee further contends that the Board's powers are narrowly defined in the ordinance which created the Board.
We agree that a discharged employee is entitled to have an evidentiary hearing to determine whether his discharge was voluntary. Wilson v. Jefferson Parish Dept. of Public Works, 485 So.2d 532 (La.App. 5th Cir.1986). Furthermore, a review of the ordinance outlining the Board's powers does not provide for an appeal from a voluntary resignation and we decline to expand those powers to provide for such an appeal. See Pugh v. Department of Culture, Recreation and Tourism, Sabine River Authority, 597 So.2d 38 (La.App. 1st Cir.1992); Carpenter v. Confederate Memorial Medical Center, 250 So.2d 161 (La.App. 1st Cir.1971).
Mr. Anthony DiGerolamo testified he was the Director of the Department of Fleet Management at the time of Mr. Palmisano's resignation. He received the resignation on September 11, 1995, and accepted his resignation on that date. He informed his administrative assistant to do the necessary paperwork to remove Mr. Palmisano from the payroll. Mr. DiGerolamo explained that the form DP-11 is the paperwork necessary to remove an employee who has resigned from the payroll. Mr. DiGerolamo signed the DP-11 on September 13, 1995, between the hours of 8:00 a.m. and 9:00 a.m. He then attended the Jefferson Parish Council meeting. The form was then taken to the Parish President's office then to the Department of Personnel. According to a stamp on the copy of the DP-11 the Personnel Department received the DP-11 at 11:08 a.m. on September 13, 1995. That afternoon around 3:00 p.m. Mr. DiGerolamo received a phone call from his administrative assistant telling him she received a letter directed to Mr. DiGerolamo signed by Mr. Palmisano via facsimile transmission wherein Mr. Palmisano sought to rescind his resignation. Mr. DiGerolamo did not see the letter until the next morning. At that time, he instructed his administrative assistant to call the Personnel Department to find out if an employee could rescind a voluntary resignation. He was told that whether or not a rescission is accepted is left to the discretion of the Appointing Authority, in this case Mr. DiGerolamo. By the time the rescission letter was received the DP-11 had been signed so Mr. DiGerolamo took no further action.
Mr. DiGerolamo's administrative assistant, Danielle Gauthier, testified that she was working in Mr. DiGerolamo's office at the time these events took place. The resignation letter was received and date stamped September 11, 1995, by Mr. DiGerolamo's secretary. When this letter was received by Mr. DiGerolamo, he instructed Ms. Gauthier to prepare the DP-11 and walk the form to the various departments to be signed. The letter of resignation was attached to the DP-11. She received a faxed copy of Mr. Palmisano's rescission letter around 3:00 p.m. on September 13, 1995, the day Mr. DiGerolamo was at the council meeting. By the time she received the rescission letter, the DP-11 had already been signed. The next morning, she called the Personnel Department to inquire *865 whether Mr. Palmisano could rescind his resignation. She was told that this was up to the discretion of Mr. DiGerolamo. The original rescission letter was received by Mr. DiGerolamo's office on September 15, 1995.
Both Mr. DiGerolamo and Ms. Gauthier explained that the area for an employee signature on the DP-11 was marked "unavailable for signature" because they already had a resignation letter signed by Mr. Palmisano.
Mr. Palmisano testified that he had been in the position of tire shop foreman for six and a half years when the Parish transferred his department to the Department of Fleet Management. Mr. DiGerolamo was the director of that department and Mr. Palmisano had difficulty working under the supervision of Mr. DiGerolamo in that he felt he was treated unfairly. He sought a transfer to another department, but was unsuccessful. He testified that in a fit of anger, he wrote a resignation letter and forwarded this letter to Mr. DiGerolamo on September 9, 1995. He later decided that he really did not want to resign from his position, so when he went to work on Monday, September 11, 1995, and told his immediate supervisor, Johnny Comfort, that he wanted to rescind his resignation. Over the next two days, he did not hear anything further, so he wrote a letter rescinding his resignation. He brought a copy to the Personnel Department and had it stamped in. This copy, which was admitted into evidence, is stamped September 13, 1995, 9:03 a.m. He then faxed a copy to Mr. DiGerolamo and sent the original to Mr. DiGerolamo by the department carrier.
After reviewing the testimony of the three witnesses who testified at the hearing, we cannot say that the Board committed manifest error in finding that Mr. Palmisano voluntarily resigned from his position, and that the Appointing Authority (Mr. DiGerolamo) accepted his resignation as of the date it was submitted. The Board's finding that Mr. Palmisano filed a letter with the Appointing Authority seeking to rescind his resignation on September 15, 1995 was incorrect. The record establishes that Mr. DiGerolamo received a faxed copy of the rescission letter on September 13, 1995, this discrepancy, however, is immaterial to our holding. Once the resignation was accepted by Mr. DiGerolamo, the Appointing Authority, he on behalf of the Parish was not bound to accept a rescission of the resignation. Mr. DiGerolamo received and accepted Mr. Palmisano's resignation on September 11, 1995.
Finally, appellant argues that the Board erred in finding that Mr. DiGerolamo was the Appointing Authority. We find no indication that appellant raised this issue before the Board. Accordingly, we decline to consider this issue since it was raised for the first time on appeal. Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714, cert. Denied sub nom. Stephenson v. Van Vleit, 96-1407 (La.App. 3rd Cir. 4/30/97), 693 So.2d 858.
We, therefore, hold that under the rules in effect at the time, once a Parish employee's voluntary resignation is accepted by the Appointing Authority, whether or not a rescission of this resignation is accepted is at the sole discretion of the Appointing Authority. Such an employee has no right to appeal from a voluntary resignation.
For the foregoing reasons, the judgment of the Personnel Board is affirmed.
AFFIRMED.