MICHAEL VOLTOLINA

VERSUS

CITY OF KENNER; AND KENNER
MUNICIPAL FIRE & POLICE CIVIL SERVICE
BOARD

NO. 20-CA-151

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 797-245, DIVISION "H"
HONORABLE GLENN B. ANSARDI, JUDGE PRESIDING

December 02, 2020

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.

**AFFIRMED; REMANDED**

    **HJL**
    **SJW**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
MICHAEL VOLTOLINA
Laura C. Rodrigue
Blake J. Arcuri

COUNSEL FOR DEFENDANT/APPELLANT,
CITY OF KENNER
Edward S. Rapier
Jennifer T. Hungerman

**LILJEBERG, J.**

Defendant, the City of Kenner, appeals the district court's judgment that reversed the Kenner Municipal Fire and Police Civil Service Board's decision to dismiss plaintiff's civil service appeal for lack of subject matter jurisdiction. For the following reasons, we affirm the district court's judgment and remand to the Board for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Michael Voltolina, was employed by defendant, the City of Kenner ("the City"), for 32 years as a firefighter. On August 28, 2017, Mr. Voltolina went on sick leave pursuant to La. R.S. 33:1995, which provides that a fireman "shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or inculpable discretion for a period of not less than fifty-two weeks."

Shortly before Mr. Voltolina's fifty-two weeks of sick leave was exhausted, he provided the Kenner Fire Department ("the Department") with a Return to Work form signed by his doctor on August 20, 2018, indicating he could return to work on August 25, 2018, but was restricted to sedentary work until October 25, 2018. The Department sent Mr. Voltolina to Dr. Joseph Tamimie for evaluation on August 21, 2018. Dr. Tamimie agreed that Mr. Voltolina was able to return to work at light duty/sedentary status, with some restrictions.

Mr. Voltolina planned to return to work on August 25, 2018 in a light duty capacity, but on August 24, 2018, Fire Chief Ryan Bergeron provided Mr. Voltolina with a letter from the City's mayor, E. Ben Zahn, III, dated August 23, 2018, indicating that Mr. Voltolina's request to return to work at light duty status was denied. Mr. Voltolina asserts that he tried to return to work on August 25, 2018, but he was sent home by Chief Bergeron. That same day, he was contacted by the Louisiana Fireman's Retirement System ("FRS") informing him that he was retiring and that he had to fill out some paperwork. According to Mr. Voltolina, he

had not indicated to anyone that he wished to retire and this was the first time he had heard anything about retiring.

Mr. Voltolina returned to his doctor on August 27, 2018 and presented him with a copy of the City's job description for his job as an Assistant Fire Chief, which includes light or sedentary duties and does not indicate that physical activities such as lifting, pulling, or pushing are required. Based on this job description, Mr. Voltolina's doctor cleared him to return to full duty as an Assistant Fire Chief. After receiving the report indicating that Mr. Voltolina's doctor released him to full duty, the City sent Mr. Voltolina back to Dr. Tamimie, who declined to release him to full duty. According to Mr. Voltolina, he presented Dr. Tamimie with the City's job description for an Assistant Fire Chief reflecting that his duties did not include physical activities, but Dr. Tamimie indicated that it was his understanding that an Assistant Fire Chief was required to do physical activities such as breaching doors, pulling hoses, and fighting fires. Mr. Voltolina contends that Dr. Tamimie said he would contact Chief Bergeron for an accurate job description for an Assistant Fire Chief, but he did not do so.

On August 24, 2018, Mr. Voltolina's counsel sent a letter via email to the City indicating that Mr. Voltolina had a disability and requesting an accommodation pursuant to the Americans with Disabilities Act. The City responded on August 28, 2018, through its Assistant City Attorney, stating, "[b]ased on your doctor's report there is no ADA issue."

According to Mr. Voltolina, on August 29, 2018, he received a pre-completed retirement form dated August 24, 2018, indicating, "effective: August 28, 2018 at 11:59 p.m., Employee is retiring from the City of Kenner." Mr. Voltolina asserts that he was not presented with any information regarding any options he might have. Because he believed his only choices were to be terminated without benefits or to retire and receive medical benefits, he signed the retirement

form and wrote, "under duress," next to his signature. That day, he also wrote to the FRS, stating, "as of this day, I was informed that I was being forced into retirement. Please accept this as my official letter, under duress, of retirement."

Mr. Voltolina filed an appeal with the Kenner Municipal Fire and Police Civil Service Board ("the Board") dated September 7, 2018, claiming that he was constructively discharged from his employment when the City refused to allow him to return to work as an Assistant Fire Chief after he was cleared by his treating physician. He claimed this was a disciplinary action in violation of his First Amendment rights in retaliation for his vocal participation in Union activities at a meeting on August 21, 2018. Mr. Voltolina also claimed that the City's refusal to accommodate the work restrictions set forth by Dr. Tamimie violated the Americans with Disabilities Act, 42 USC Section 12112 (b)(5)(A).

On June 14, 2019, the City filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, asserting that Mr. Voltolina was not entitled to appeal the City's refusal to allow him to return to work because he voluntarily retired. After considering the testimony presented and the exhibits submitted, the Board granted the City's motion, dismissing Mr. Voltolina's appeal due to lack of subject matter jurisdiction.

On July 15, 2019, Mr. Voltolina filed a "Petition for Judicial Review" with the 24th Judicial District Court seeking to appeal the decision of the Board pursuant to La. R.S. 33:2501(E).[1] After review, the district court rendered a judgment on February 19, 2020, reversing the Board's decision to dismiss Mr. Voltolina's civil service appeal and remanding the case to the Board for further proceedings. In its reasons for judgment, the district court found that the Board committed an error of

---

[1] La. R.S. 33:2501(E)(1) provides:
> Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.

law by relying solely on the case of *Christie v. United States*, 518 F.2d 584, 207 Ct. Cl. 333 (1975), instead of relying on the decisions in *Perlman v. U.S.*, 490 F.2d 928, 203 Ct. Cl. 397 (1974); *Scharf v. Department of the Air Force*, 710 F.2d 1572 (Fed. Cir. 1983); and *Covington v. Department of Health and Human Services*, 750 F.2d 937 (Fed. Cir. 1984). Because it found the Board had committed an error of law, the court conducted a *de novo* review, giving no deference to the Board's findings, and found that Mr. Voltolina's retirement was not voluntary. Thus, the court found Mr. Voltolina was entitled to appeal the City's refusal to allow him to return to work. The City appeals.

## LAW AND DISCUSSION

Civil service provisions in the state constitution and the rules of the civil service commission are designed to protect career employees from public discrimination by eliminating the "spoils" system. *City of Alexandria v. Dixon*, 15-1718 (La. 5/3/16), 196 So.3d 592, 597, *citing Bannister v. Department of Streets*, 95-0404 (La. 1/16/96), 666 So.2d 641 and La. Const. art. X §1. In addition to acting as a quasi-judicial body, a civil service commission is empowered to generally supervise the civil service system and to establish rules for the system's administration. *City of Alexandria*, 196 So.3d at 597. Civil service rules have the effect of law. *Id.*

The review of factual findings by a civil service board is governed by the manifest error or clearly wrong standard. *Mathieu v. New Orleans Public Library*, 09-2746 (La. 10/19/10), 50 So.3d 1259, 1262. Deference should be given to the factual conclusions of a civil service board. *Id.* The findings of fact of a civil service board are entitled to the same weight as the findings of fact made by a trial court and are not to be overturned in the absence of manifest error. *Moore v. Ware*, 01-3341 (La. 2/25/03), 839 So.2d 940, 946. When the civil service board has committed a reversible legal error, the reviewing court should make its own *de*

*novo* review of the record and render a judgment on the merits, if possible. *See City of Alexandria*, *supra*; *Evans v. Lungrin*, 97-0541, 97-5077 (La. 2/6/98), 708 So.2d 731, 735. A legal error occurs when the lower court applies incorrect principles of law and such errors are prejudicial. *Id.*

On appeal, the City argues that the trial court erred by finding that the Board made an error of law and reviewing the record of the Board proceedings *de novo*. It argues that the *Perlman*, *Scharf*, and *Covington* cases are not controlling in this jurisdiction, so the Board was not bound to follow them. Further, it argues that the *Christie* case is applicable in this matter, but even if it was not, there is no indication in the record that the Board relied solely on the *Christie* case. The City also cites this Court's decision in *Palmisano v. Department of Fleet Management, Parish of Jefferson*, 97-745 (La. App. 5 Cir. 12/10/97), 704 So.2d 862, 864, *writ denied*, 98-31 (La. 3/20/98), 715 So.2d 1208, in which this Court stated that a discharged employee is entitled to have an evidentiary hearing to determine whether the discharge was voluntary. It asserts that because Mr. Voltolina was provided with the required hearing and the Board determined that his retirement was indeed voluntary, Mr. Voltolina is not entitled to an appeal.

Mr. Voltolina responds that the district court properly concluded that the Board made an error of law when it relied on the *Christie* case in making its determination to grant the City's Motion to Dismiss for Lack of Subject Matter Jurisdiction. He claims that the district court correctly found that the *Perlman*, *Scharf*, and *Covington* cases were applicable in this case. Mr. Voltolina contends that under these cases, it is clear that his retirement was not voluntary and that he is entitled to appeal the City's refusal to allow him to return to work.

In *Christie v. United States*, 518 F.2d 584, 207 Ct. Cl. 333 (1975), an employee attempted to avoid termination for cause by tendering her resignation. The United States Court of Claims found her resignation to be voluntary, noting

that the Court had repeatedly upheld the voluntariness of resignations where they were submitted to avoid threatened termination or cause. The Court stated, "[m]erely because plaintiff was faced with an inherently unpleasant situation in that her choice was arguably limited to two unpleasant alternatives does not obviate the voluntariness of the resignation." 518 F.2d at 587.

In *Perlman v. U.S.*, 490 F.2d 928, 203 Ct. Cl. 397 (1974), an employee agreed to retire after he was informed that he was being terminated because his position was abolished and he did not have the right to displace anyone. The United States Court of Claims considered the circumstances surrounding the employee's decision to retire and found the retirement was not voluntary. The Court stated that in determining whether the employee's retirement was voluntary, "we must look to whether the factors operating on his decision-making processes made a voluntary decision impossible." 490 F.2d at 931.

In *Scharf v. Department of the Air Force*, 710 F.2d 1572 (Fed. Cir. 1983), the Court found an employee's retirement was involuntary where his agency provided misleading information which materially affected his decision regarding retirement. The Court cited *Perlman*, stating that in order to determine if a retirement was voluntary, a court must examine "the surrounding circumstances to test the ability of the employee to exercise free choice." 710 F.2d at 1574. The Court also considered whether a reasonable person would have relied on the government's misrepresentations in coming to his decision. *Id.* at 1575.

In *Covington v. Department of Health and Human Services*, 750 F.2d 937 (Fed. Cir. 1984), the Court found an employee's retirement to be involuntary in a reduction in force action where the agency failed to correct misinformation it had provided. The Court cited *Perlman* and *Scharf* for the proposition that a court must examine the surrounding circumstances in order to determine the voluntariness of the employee's decision. It also cited *Christie* in its opinion and

noted that when an employee's choice is limited to two unpleasant alternatives, this does not make the employee's decision involuntary. However, it clarified that the decision must ultimately be the employee's decision, not the government's decision. 750 F.2d at 942.

After review, we find that the record does not show that the Board committed an error of law. First, although the City cited the *Christie* case, there is no indication in the record that the Board solely relied on this case or any other case when determining whether Mr. Voltolina's decision to retire was voluntary. Further, while the district court stated that the *Perlman*, *Scharf*, and *Covington* cases should have been followed in lieu of *Christie*, we note that these cases, like *Christie*, are persuasive authority in this jurisdiction and are not binding on this Court. Finally, we note that the *Covington* and *Scharf* cases both cite the *Christie* case in their opinions, and our review does not show that *Christie* stands for "incorrect principles of law." Without a showing that the Board applied incorrect principles of law, we find that the district court should have applied the manifest error standard when reviewing the Board's decision. Accordingly, we will use the manifest error/clearly wrong standard to review the Board's finding that Mr. Voltolina's retirement was voluntary.

Rule 2.7(b) of the Municipal Fire and Police Service Rules provides that appeals may be made to the Board by "[a]ny person in the classified service who, having acquired permanent civil service status, alleges that he has been demoted, dismissed, discriminated against, or subjected to any corrective or disciplinary action contrary to any provision of the Amendment or of the Rules of this Board." Rule 2.3 provides that, "[d]isciplinary actions are demotion, suspension, and dismissal." In accordance with Rule 2.7(b), Mr. Voltolina specifically alleges he has been subjected to dismissal or disciplinary action by the City.

The question of whether an employee has the right to appeal is analogous to the question of whether a plaintiff has a cause of action. *Banks v. New Orleans Police Department,* 01-0859 (La. App. 4 Cir. 9/25/02), 829 So.2d 511, 514, *writ denied*, 02-2620 (La. 12/13/02), 831 So.2d 990. An employee has no right to appeal when the employee voluntary resigns. *Palmisano*, 704 So.2d at 864. However, an employee does have the right to an appeal when he is either forced to resign or involuntarily retires. The reason an appeal is permitted when an employee is forced to resign or retire is to preclude characterization of disciplinary action as a "resignation" to subvert an employee's right to an appeal. *Russell v Mosquito Control Board*, 06-0346 (La. App. 4 Cir. 9/27/06), 941 So.2d 634, 640, *citing Peterson v. Department of Streets*, 369 So.2d 235, 237 (La. App. 4 Cir. 1979).

In determining whether Mr. Voltolina's retirement was voluntary, we have considered the persuasive cases cited by the parties and the district court, along with the jurisprudence from our state, including *Robinson v. Board of Supervisors for University of Louisiana*, 16-2145 (La. 6/29/17), 225 So.3d 424. In *Robinson*, the Louisiana Supreme Court considered whether an employee was constructively discharged in a case involving age discrimination. It noted that a constructive discharge occurs when an employee quits his job under circumstances that are treated as an involuntary termination. It further stated that making a determination of a constructive discharge requires that a "reasonable employee" test be employed. 225 So.3d at 432. The "reasonable employee" test is an objective test of whether a reasonable person in the employee's shoes would have felt compelled to resign. *Id.*

Considering the circumstances of the present case and applying a reasonable employee test, we find that the Board committed manifest error in finding that Mr. Voltolina's retirement was voluntary. The record shows that representatives of the

City signed a Personnel Action Form on August 24, 2018, indicating that Mr. Voltolina was retiring effective August 28, 2018. According to Mr. Voltolina, he made no request to retire and was unaware of the City's plan to "retire him" until he received a call from FRS on August 25, 2018, indicating that he was retiring and needed to fill out paperwork. Mr. Voltolina stated that he received a pre-completed retirement form on August 29, 2019 indicating that he was retiring as of August 28, 2018 at 11:59 p.m. Mr. Voltolina signed the form agreeing to retire which would allow him to continue receiving his medical benefits, but he wrote "under duress," next to his signature. That same day, he wrote to the FRS, stating, "as of this day, I was informed that I was being forced into retirement. Please accept this as my official letter, under duress, of retirement."

Based on our review, it is clear that a reasonable employee in Mr. Voltolina's shoes would have felt compelled to retire, and his retirement was not voluntary. We find the Board was manifestly erroneous in finding that Mr. Voltolina voluntarily retired. Thus, because Mr. Voltolina did not voluntarily retire, we find that Mr. Voltolina is entitled to an appeal of the City's refusal to allow him to return to work as an Assistant Fire Chief. Accordingly, we affirm the judgment of the district court insofar as it reversed the Board's dismissal of Mr. Voltolina's appeal and remanded to the Board for further proceedings. Although we agree that Mr. Voltolina's appeal must be reinstated, we offer no opinion as to the merits of Mr. Voltolina's appeal.

**DECREE**

For the foregoing reasons, we affirm the district court's judgment reversing the Board's dismissal of Mr. Voltolina's appeal, and we remand this matter to the Board for further proceedings.

**AFFIRMED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 2, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-151

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE GLENN B. ANSARDI (DISTRICT JUDGE)
BLAKE J. ARCURI (APPELLEE)        LAURA C. RODRIGUE (APPELLEE)        C. A. FLEMING, III (APPELLANT)
EDWARD S. RAPIER (APPELLANT)      JOYCE S. SALLAH (APPELLANT)

**MAILED**
ERIC A. MUND (APPELLANT)
JENNIFER T. HUNGERMAN (APPELLANT)
ATTORNEYS AT LAW
CITY OF KENNER CITY ATTORNEY'S
OFFICE
1801 WILLIAMS BOULEVARD
BUILDING C, SUITE 300
KENNER, LA 70062