506 So.2d 167 (1987)
COMMON CAUSE
v.
Ernest N. MORIAL et al.
No. CA-5922.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1987.
Rehearing Denied May 20, 1987.
*168 Okla Jones, II, City Atty., Thomas W. Milliner Deputy City Atty., New Orleans, for defendants-appellees.
Donald B. Ensenat, David F. Bienvenu, Lourdes Estevez Martinez, Camp, Carmouche, Barsh, Gray, Hoffman & Gill, New Orleans, for appelleesAudubon Park Commission.
William H. Forman, Jr., New Orleans, for plaintiff-appellant.
Before SCHOTT, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
On December 6, 1983, members of the Audubon Park Commission met with New Orleans Mayor Ernest Morial. The Mayor addressed the Commission on the Louisiana Supreme Court's holding in the case of City of New Orleans v. State of Louisiana, 443 So.2d 562 (La.1983). The Mayor commented on his desire to improve the working relationship between City Hall and the Audubon Park Commission now that the City owned the Park. The meeting was audio recorded by Robert Dabney, the City's Public Information Officer. The tape was not transcribed.
This suit was originally filed on behalf of Citizens for Open Government against the Mayor, Dabney, the City of New Orleans and the Audubon Park Commission. Common Cause was later substituted as plaintiff.
Common Cause sought a mandamus, injunctive or declaratory relief to declare the December 6, 1983 gathering a meeting held in violation of the Louisiana's Open Meeting Law, La.Rev. Stat. 42:1-12 and requested production of the audio tape of the meeting on the basis that it was a public record.
At trial the suit was dismissed at plaintiff's cost. The trial judge noted that the evidence consisted of two letters from the plaintiff to the Mayor and the Park Commission members requesting minutes of *169 the alleged meeting, copies of the tape recordings and the interrogatories and answers filed by the parties.
On the issue of whether the December 6 meeting was held in violation of Louisiana's Open Meeting Law, the judge found that the evidence presented did not reveal that any action, vote, deliberation, or discussion occurred on any matter. The only exchange which occurred was an unknown comment by Mrs. Brooke Duncan, president of the Commission.
The court interpreted the definition of "meeting" in La.Rev.Stat. 42:4.2 to require a discussion or active exchange of views to elevate a gathering to the level of a meeting within the contemplation of the statute. The pertinent section reads:
"Meeting" means the convening of a quorum of a public body to deliberate or act on a matter over which the public body as an entity has supervision, control, jurisdiction or advisory power.
The trial court held that there was insufficient evidence to establish that a "meeting" took place within the meaning of the statute and therefore there was not a violation of the Open Meetings Law.
The court then turned to the issue of whether or not the audio-recording was a public record available for inspection in accordance with the Public Records Act, La.Rev.Stat. 44:1 et seq. The judge determined that since there was no meeting the tape was not discoverable as a public record of the Commission. Acknowledging that the tape may be discoverable under the Public Records Statute as a public record of the Mayor's office, the trial judge pointed out that neither the Mayor nor the current Director of Public Information had possession of the tape and were unaware of its continued existence; therefore, the defendants were unable to tender the tape. The trial court held that since these facts were certified to the plaintiff as required by La.Rev.Stat. 44:34, plaintiff had no cause of action. We concur with the conclusions of the trial court. The only remaining issue is whether plaintiffs are entitled to attorney's fees.
La.Rev.Stat. 44:35 D reads in pertinent part:
If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
Arguably, plaintiff prevailed in part since the trial judge determined that the requested tape was a public record of the Mayor's office. We note, however, that the statute makes the award of attorney's fees in a such a case discretionary. Absent a showing of abuse of discretion, we will not disturb the determination of the trial judge. The record before us does not reveal any abuse.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.