676 So.2d 1096 (1996)
Craig A. BAUER
v.
Walter MAESTRI, Martin Schwegmann and Parish of Jefferson.
No. 96-CA-112.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1996.
*1097 Byrne W. Dyer, III, Gretna, for Plaintiff, Craig A. Bauer.
Clement P. Donelon, Metairie, for Defendants, Walter Maestri, Martin Schwegmann and Parish of Jefferson.
Before GAUDIN, C.J., WICKER, J., and PATRICK J. McCABE, J. Pro Tem.
WICKER, Judge.
This is an action pursuant to the Louisiana Public Records Law, La.R.S. 44:35, by Craig A. Bauer (Bauer) seeking inter alia to compel production of tape recordings of the public meeting of the Jefferson Parish Personnel Board on August 29, 1994; a copy of the Personnel Board's action regarding a reallocation of Craig A. Bauer's civil service job position; tape recordings of the public meetings of the Jefferson Parish Juvenile Services Advisory Board of September 1994; a tape recording of the public meeting of the Juvenile Services Advisory Board on February 14, 1995; minutes of the meetings of the Jefferson Parish Advisory Board of August 1994, September 1994 and February 14, 1995 and certain contracts and letter agreements. Bauer sued Walter Maestri (Maestri) and Martin Schwegmann (Schwegmann), public officials of the Parish of Jefferson as the record custodians of various requested documents. Maestri and the Parish of Jefferson filed the peremptory exceptions of lack of subject matter jurisdiction and res judicata. The trial judge ruled only on the exception of lack of subject matter jurisdiction. He granted the exception and dismissed Bauer's suit. Bauer appeals the dismissal of his suit. We reverse and remand.
The defendants/appellees argued that Bauer was a member of the classified service of Jefferson Parish and currently had five pending civil service appeals with the Jefferson Parish Personnel Board. It asserted the district court has no jurisdiction over any action involving employment disputes in the classified service of Jefferson Parish pursuant to LA. Const. art. 10, § 12(A). Bauer asserted that LA. Const. art. 12 § 3 provides him a right to access under the Public Records Law and that he was not precluded on the basis he was a civil servant.
LA. Const. art. 10, § 12(A) provides in pertinent part:
The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases ...
At the hearing the Parish argued below that Bauer had originally attempted to acquire *1098 the documents through discovery in connection with his appeals involving discrimination, transfer and demotion. It expressed the view that Bauer, who had previously had an adverse ruling in connection with his discovery requests, was now attempting to bypass the personnel board and this circuit.[1] While it argued its res judicata exception on this basis, the trial judge made no ruling as to this exception. We note, however, that Bauer's access to the requested documents pursuant to La.R.S. 44:35 is a different issue from his access to these documents pursuant to a subpoena request.
The trial judge evidently relied on LA. Const. art. 10 § 12(A) when he reasoned the district court lacked jurisdiction to hear a suit under the Public Records Law by a former civil servant who currently had pending appeals related to employer-employee disputes. We disagree.
La.R.S. 44:35 provides:
A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
C. Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable.
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney's fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may *1099 award attorneys' fees to the custodian [emphasis added.]
Bauer filed suit under La.R.S. 44:35. He is not attempting in this suit to address the merits of his civil service appeals. Nothing in LA. Const. art. 10 § 12(A) prohibits Bauer from access to public documents. Moreover, LA. Const. art. 12 § 3 states:
No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law [emphasis added.]
Additionally, the legislature has embodied this constitutional right in a statute concerning the establishment of a depository system in La.R.S. 25:121 as follows:
Freedom of access to public documents is a basic right of citizenship. Therefore, it is the policy of the state of Louisiana that state public documents shall be made available to the public. In order to obtain maximum efficient distribution and maximum availability of these documents, a depository system is hereby established [emphasis added].
Bauer's reason for requesting these public records is not to be considered in denying him access.[2] La.R.S. 44:32(A). La. R.S. 44:32(A) provides in part:
A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register and shall not review, examine or scrutinize any copy, photograph, or memoranda in the possession of any such person; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter...
On appeal appellees argue that Bauer has no cause of action since the tapes he is requesting no longer exist. That exception was not filed below, nor has it been specially pleaded before this court. Nevertheless, since this court can notice the failure to state a cause of action on its own motion, we have examined this argument. La.Code Civ.Proc. art. 929. Appellees rely on Common Cause v. Morial, 506 So.2d 167 (La.App. 4th Cir. 1987), writ denied, 512 So.2d 458 (La.1987). However, in Morial the alleged custodians certified that the requested public record was not in their custody and control pursuant to La.R.S. 44:34.[3] Thus, the Morial court concluded the trial judge correctly dismissed the action under the Public Records Law against these alleged custodians. That court explained at 169:
Acknowledging that the tape may be discoverable under the Public Records Statute as a public record of the Mayor's office, the trial judge pointed out that neither the Mayor nor the current Director of Public Information had possession of the tape and were unaware of its continued existence; therefore, the defendants were unable to tender the tape. The trial court held that since these facts were certified to the plaintiff as required by La.Rev.Stat. 44:34, plaintiff had no cause of action. We concur with the conclusions of the trial court [emphasis added] ...
*1100 Here, there is no La.R.S. 44:34 certification. Moreover, Bauer seeks other documents in addition to the allegedly missing tape. Bauer's petition clearly states a cause of action under La.R.S. 44:35.
Appellees argue that our prior denial of writs in the civil service appeals precludes Bauer from pursuing an action under La.R.S. 44:35. They rely on Common Cause v. IRS, 646 F.2d 656 (D.C.Cir.1981) which held that documents which were unobtainable during discovery in a civil suit were exempt from disclosure under the Federal Freedom of Information Act. We make no determination as to whether our denial of Bauer's writ application constituted a denial of discovery of the items requested herein. Even assuming this court had denied access to items pursuant to a subpoena, such a denial of discovery would not be dispositive of Bauer's right to access under the Public Records Law. Common Cause is inapposite. In Common Cause the court held the requested documents were exempt under a specific exemption contained in the Freedom of Information Act. Louisiana's Public Records Law does not contain such an exemption.
Furthermore the Louisiana Supreme Court has held in Title Research Corporation v. Rausch, 450 So.2d 933, 936 (La.1984):
The right of the public to have access to the public records is a fundamental right, and is guaranteed by the constitution. La. Const. art. 12, Sec. 3. The provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. Id. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights.
For the foregoing reasons the judgment below is reversed and the case is remanded to the district court for a hearing pursuant to La.R.S. 44:35. This hearing is to be held by preference and in a summary manner. La. R.S. 44:35(C). We make no determination in the present matter as to the admissibility in the civil service proceedings of the documents obtained through the Louisiana Public Records Law.
Costs of this appeal are to be paid by appellees.
REVERSED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] In Bauer v. Maestri, et. al., 95-333 (La.App. 5th Cir. 4/27/96) this court denied writs in Bauer's consolidated civil service appeals. The writ was taken in part from certain discovery rulings; it requested a stay order which this court denied.
[2] La.R.S. 44:31.1 gives the following exception which is inapplicable to the present case:

... Notwithstanding the provisions contained in R.S. 44:32, the custodian may make an inquiry of any individual who applies for a public record to determine if such individual is in custody after sentence following a felony conviction who has exhausted his appellate remedies and the custodian may make any inquiry necessary to determine if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post conviction relief under Code of Criminal Procedure Article 930.3.
[3] La.R.S. 44:34 provides:

If any public record applied for by any authorized person is not in the custody or control of the person to whom the application is made, such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.