688 So.2d 112 (1997)
Charles RUDDOCK
v.
JEFFERSON PARISH FIRE CIVIL SERVICE BOARD.
No. 96-CA-831.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 1997.
*113 Louis L. Robein, Jr., Robein, Urann & Lurye, Metairie, for Plaintiff/Appellant, Charles Ruddock.
Debra Gail Miller, Harahan, for Defendant/Appellee, Eastbank Consolidated Special Service Fire Protection District.
Before BOWES, GOTHARD and CANNELLA, JJ.
BOWES, Judge.
Plaintiff, Charles Ruddock, seeks review of an April 8, 1994 decision of the Jefferson Parish Civil Service Board ("The Board") which upheld his termination from the Jefferson Parish Fire Department, and the decision of the 24th Judicial District Court for the Parish of Jefferson, which affirmed the decision of The Board. For the following reasons, we affirm.

*114 FACTS

The plaintiff, a lieutenant of the Jefferson Parish Fire Department, was fired on February 21, 1994 after testing positive on a random drug test performed on February 3, 1994. Plaintiff timely appealed his termination to The Board. Hearings were held on March 21, 1994 and April 7, 1994, and The Board denied his appeal for reinstatement. Plaintiff filed an appeal in the 24th Judicial District Court, which upheld the decision of The Board. Plaintiff now appeals to this Court.

DISCUSSION
A civil service employee is afforded protection in disciplinary actions pursuant to La. Const. Art. 10 Sec. 8(A) which provides that:
No person who has gained permanent status in the classified state or city service shall be subject to disciplinary action except for cause expressed in writing.
This protection is only against firing or other disciplinary action taken without cause. Appointing Authority, Chief of Police for the City of Kenner v. Trippi, 499 So.2d 1177 (La.App. 5 Cir.1986). City of Kenner v. Pritchett, 432 So.2d 971 (La.App. 5 Cir.1983).
A dismissal of a civil servant "for cause" is synonymous with legal cause. Appointing Authority, supra; City of Westwego v. McKee, 448 So.2d 166 (La.App. 5 Cir.1984). Furthermore,
Legal cause for disciplinary action exists if the facts found by the commission disclose theat the conduct of the employee impairs the efficiency of the public service.
Appointing Authority, supra, citing Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962).
La. R.S. 33:2561 allows a public employee to apply to The Board for a review of discharge or disciplinary action. The statute states that The Board is "confined to the question of whether the action taken against the employee was made in good faith for cause[.]"
The burden of proving legal cause before The Board is on the appointing authority, in this case the Fire Department. Appointing Authority, supra; City of Kenner, supra. Thus, in this case, the Fire Department must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. It is the duty of The Board to decide whether the Fire Department had good or lawful cause for taking disciplinary action, and, if so, whether the punishment imposed was commensurate with the dereliction. The Board has an obligation to uphold the disciplinary action of the Fire Department if there is sufficient cause shown to sustain such an action. See Appointing Authority, supra.
La. R.S. 33:2561 further provides that the employee may appeal from the decision of The Board, and that the court shall hear and determine the appeal in a summary matter. The article again provided that the scope of the district court's review is "confined to the determination of whether the decision made by The Board was made in good faith and for cause [.]"
When reviewing The Board's findings of fact, the appellate court must apply the manifest error standard. However, in reviewing The Board's exercise of its discretion to determine whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify The Board's order unless it is arbitrary, capricious, or characterized by abuse of discretion. Bolar v. Department of Public WorksWater, 95-346 (La.App. 5 Cir. 10/31/95), 663 So.2d 876.
In this case, the record shows that on February 3, 1994, plaintiff was told to report for a random drug test, in compliance with parish procedures. This test was positive for the presence of marijuana metabolites in the blood, and plaintiff was afforded an opportunity to give to the medical review doctor information about any prescription drugs or other facts which might have influenced the test. After this contact, the medical review doctor found nothing which would suggest that the test results were invalid and plaintiff was fired.
*115 On appeal, plaintiff challenges the results of the blood test and alleges that these results were inadmissible. More specifically, plaintiff alleges that it was error for The Board to consider the results of the test because they were not properly admitted under the business exception to the hearsay rule. Accordingly, his termination was not "for cause."
The burden of proof of the appointing authority in a civil service case (the Fire Department) is by a "preponderance of the evidence." Although the facts must be clearly established, they need not be established beyond a "reasonable doubt" as in a criminal case. The Board's findings must be based on competent evidence. Incompetent evidence will not be considered by the appellate court on review. George v. Department of Fire, 93-2421 (La.App. 4 Cir. 5/17/94), 637 So.2d 1097.
In a case such as this, where the only damning evidence against an employee is the results of a drug test and no corroborating evidence of substance abuse exists, the chain of custody becomes the critical issue and must be proven by the appointing authority with great care. Blappert v. Department of Police, 94-1284 (La.App. 4 Cir. 12/15/94), 647 So.2d 1339.
To satisfy this burden, the party seeking to introduce test results must first lay a proper foundation by connecting the specimen with its source, showing that it was properly labeled and preserved, properly transported for analysis, properly taken by an authorized person, and properly tested. George, supra; Ortego v. Roy Motors, Inc., 93-865 (La.App. 3 Cir. 4/6/94), 635 So.2d 649. Gaps in the chain of custody usually affect the weight of the evidence, not its admissibility, and an unbroken chain of custody is not essential for the admissibility of the evidence as long as the foundation shows that it is more probable than not ("a preponderance") that the evidence tested was that which was originally taken. Ortego, supra.
Plaintiff herein only challenges the admission of the test results. These results were deemed admissible under the business records exception to the hearsay rule.
La. C.E. art. 803(6) provides:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
* * * * * *
(6) Records of regularly conducted business activity. A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term `business' as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.
(Emphasis added).
The urine sample taken from plaintiff was analyzed by Roche Biomedical Laboratories, in Southhaven, Mississippi. The results of that analysis were introduced into evidence by Dr. William Randall Lynn, Associate Director of the Roche Biomedical Laboratory. At the hearing, plaintiff contended that Dr. Lynn was not the custodian of the lab's records, nor was he an "other qualified witness" and, therefore, the test results were improperly admitted.
As stated, Dr. Lynn is the Associate Director of Roche Biomedical Laboratories. At *116 the hearing, he testified he was responsible for the day-today operations of the laboratory. He further testified that he was familiar with procedures and processes conducted at the laboratory upon receipt of a specimen for testing. In addition, he provided a detailed explanation of plaintiff's test results.
Upon the conclusion of his testimony, The Board accepted Dr. Lynn as a qualified witness and allowed the introduction of the tests results into evidence under the business records exception.
On appeal to the district court, the trial judge also found that Dr. Lynn was a qualified witness.
In Cole Oil & Tire Co., Inc. v. Davis, 567 So.2d 122, 129 (La.App. 2 Cir.1990), the Second Circuit analyzed the qualification needed by a witness to allow introduction of evidence under the business records exception:
The witness laying the foundation for admissibility of business records need not have been the preparer of the records. The person who keeps the books and records and makes the entries need not testify if a person who is in a position to attest to the authenticity of the records is present to testify. U.S. Fendley, 522 F.2d 181, 185 (5th Cir.1975). Nothing in the Code of Evidence specifically requires either that the foundation witness be able to personally attest to the accuracy of the information contained in the documents, or that he personally prepared the documents. Indeed, Article 803 specifically eliminates these requirements. See Fendley, supra. Compare under former law Vining v. State Farm Life Ins. Co., 409 So.2d 1306 (La.App. 2d Cir.1982), writ denied.

A party offering business records evidence is no longer generally required to prove the declarant's unavailability or that production of such persons would be a `needless burden.' Moreover, the business records sought to be introduced at trial no longer must be the `first collected records available.' The former requirements no longer constrain the required `records custodian or other qualified witness' who testifies to the foundation requirements. See and compare C.E. Art. 803(6) and Vining, Herlitz [Construction Co. v. Clegg Concrete, 378 So.2d 1002 (La.App. 1st Cir. 1979)], cited supra.

The party who seeks to introduce written evidence must in some way, nonetheless, authenticate it by a qualified witness. Under Art. 803(6), it is essential that a custodian or other qualified witness testimonially explain the record-keeping procedures of the business and thus lay the foundation for the admissibility of the records. See, e.g., Rosenberg v. Collins, 624 F.2d 659, 665 (5th Cir.1980). That witness must, however, be familiar with and able to testify from personal knowledge about the bookkeeping and accounting procedures of the entity whose business records are sought to be introduced.
We agree with this statement by our brethren in the Second Circuit and we adopt it as our own. Applying this criteria to the instant case, it is clear from the description hereinabove describing Dr. Lynn's testimony and his duties concerning the laboratory that the trial judge was not manifestly erroneous in allowing his testimony as a "qualified witness," that Dr. Lynn was a "qualified witness" and that The Board did not err in allowing the introduction of the tests results into evidence.
Plaintiff alleges that his termination was not "for cause." However, we hold that the positive results of the random drug screen performed on plaintiff were properly admitted into evidence, and established legal cause to support the fire department's actions in terminating plaintiff's employment.
Accordingly, we find no manifest error in the decision of the trial court upholding the action of The Board in this matter and no error in The Board's decision.

CONCLUSION
For the above discussed reasons, the decision of The Board is affirmed. All costs are assessed against plaintiff.
AFFIRMED.