722 So.2d 1205 (1998)
Nicholas H. LoCICERO
v.
JEFFERSON PARISH DEPT. OF FLEET MANAGEMENT & Human Resource Management.
Nicholas H. LoCicero
v.
John C. Combe, Jr., Peter J. Russo, Jr. and Elizabeth P. Blitch, not individually but in their official capacity as members of, and Constituting, the Jeff. Parish Personnel Board.
Nos. 98-CA-521, 98-CA-571
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
Rehearing Denied January 25, 1999.
*1206 John D. Rawls, New Orleans, LA, for Plaintiff-Appellant.
Ross P. Ladart, Gretna, LA, For Defendant-Appellee.
Clement P. Donelon, Metairie, LA, For Defendants-Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and MARION F. EDWARDS.
DUFRESNE, Judge.
These are consolidated appeals by Nicholas H. LoCicero in which he contests his termination from his position as shop foreman of the Jefferson Parish Fleet Management Department solely because of a positive random drug test. For the following reasons, we affirm both judgments.
The facts are as follows. Appellant was employed as a motor vehicle shop foreman by the Jefferson Parish Fleet Management Department for some 14 years, and during that *1207 time successfully underwent several random drug tests. However, an August 22, 1996, test was reported as positive for cocaine. Dr. Robert Pflug, the parish Medical Review Officer, phoned appellant at home on the evening of August 27, to inform him of the positive test and discuss the matter with him. During that discussion, the doctor informed him that he had the right to have the other half of the split sample tested at a laboratory of his choice within the next 72 hours, but appellant apparently chose not to have this done. Appellant did insist to the doctor that he had never used cocaine, but had no explanation for for the test result other than that someone may have tampered with his soft drinks which he kept in the shop refrigerator.
On the morning of September 3, appellant was told to appear that afternoon at 2:00PM at the director's office for a pretermination hearing. He represented in a later affidavit, corroborated by his attorney, that he appeared at that hearing with this attorney, but was informed that counsel would not be allowed to attend. He further represented that during this meeting he was asked if he had any evidence on his own behalf to present, but he apparently did not at that time. He was told that he could be given until the next day to present evidence, but that he could still not have counsel present. When he insisted on counsel, the meeting ended. On Thursday, September 5, he received a termination notice in the mail. That notice cited as the basis for this action violation of Rule VI, Sec. 10.2(D) and Rule X, of the Jefferson Parish Personnel Rules, which mandate termination upon an employee testing positive for drugs.
On the following Monday, September 9, he went to another lab for another drug test, and that result was negative. Two more tests at different laboratories on September 12 and 13, were also negative.
On September 16, he filed an action against the parish in the district court seeking injunctive relief on grounds that the actions of the parish were unconstitutional. On October 9, 1996, that suit was dismissed with prejudice on an exception of lack of subject matter jurisdiction. The apparent grounds for this decision were the provisions of La. Const. (1974), Art. 10, Sec. 12, which provides that exclusive jurisdiction of all civil service disciplinary matters lies originally in the local commission or board, with appellate review being to the appropriate appellate court. No appeal was taken from this judgment.
While that suit was pending, appellant petitioned for administrative review of his termination with the Jefferson Parish Personnel Board. The first day of the hearing took place on February 24, 1997, and the second day was held on August 14, 1997. At the close of testimony, the matter was submitted for decision. Then, on October 28, another hearing took place in which appellant moved to introduce the above mentioned affidavit relating to his pretermination hearing of September 3, 1996, which he claimed was a denial of due process. This motion was denied on November 20, 1997, and a final decision adverse to appellant was issued on January 20, 1998. An appeal was taken from this decision.
Meanwhile, on August 13, 1997, appellant had filed a second suit in the district court, again raising constitutional issues. This suit was dismissed on December 15, 1997, on exceptions of 1) res judicata arising from his first suit, and 2) lack of subject matter jurisdiction. This judgment was also appealed, and both matters have been consolidated here.
We first address the appeal from the Personnel Board decision. Appellant asserts 1) that the decision was not supported by the evidence, and 2) that the Board erred in dismissing his claim that the pretermination hearing was constitutionally defective.
We note initially that the parish stipulated that the sole reason for LoCicero's termination was the positive random drug test. The law concerning the evidentiary burden which must be borne by an appointing authority in order to justify firing a civil service worker solely on the basis of such a test is set forth in Ruddock v. Jefferson Parish Fire Civil Service Board, 96-831 (La. App. 5th Cir. 1/28/97), 688 So.2d 112. There, the court stated that when the drug test is the only evidence, "the chain of custody becomes *1208 the critical issue and must be proven by the appointing authority with great care," id. at 115. It went on to explain that to satisfy this burden the authority had to connect "the specimen with its source, showing that it was properly labeled and preserved, properly transported for analysis, properly taken by an authorized person, and properly tested," id. It finally reiterated that the standard of review of factual determinations by administrative agencies is the same as for other appeals, i.e. whether those determinations are manifestly erroneous, id. at 116.
In the present matter, the parish first called Dr. Robert Pflug, the medical review officer for the parish drug testing program who was admitted as an expert. He testified that he had reviewed the chain of custody documents from the test and found no irregularities. He also said that upon receiving the report from the laboratory he contacted LoCicero to inform him that he had 72 hours in which to request that the other half of the sample be tested at another laboratory, but that no such test was requested. After reviewing all of the paperwork on the test, his opinion was that it was correct.
The parish next called Dr. Michael Feldman, technical manager of the SmithKline Beecham Substance Abuse Testing Laboratory, who was admitted as an expert in forensic toxicology. This witness produced an 88 page report prepared by this laboratory in conjunction with the test at issue. He testified that the sample was tested twice using two different methods, explained how the equipment was tested for accuracy with blind samples during these tests, and identified all of the names of people involved in the chain of custody appearing in the package. He said that the documents showed that when the sample was received at the laboratory, the seals on the sample bottles and on the plastic bag containing the bottles, each of which had been initialed by LoCicero, were unbroken. In his opinion, the sample was indeed provided by LoCicero, and the positive result was correct. He also testified that cocaine is usually detectable in urine for two to three days after use, but that any tests on urine collected after that time would be meaningless to show whether the initial test was correct.
The parish called as its third witness Ms. Tammy Owens, the employee of the Elmwood Industrial Medicine Center who took the sample from LoCicero and completed the preliminary paperwork. She testified that she gave the two sample bottles to him, and he returned them with urine samples. In his presence she put the seals on the bottles and had him initial both. She then put the bottles in a plastic bag, sealed the bag, and had him initial that seal as well. She then put the bag in a locked cabinet, from which the laboratory picked it up. She also said that she remembered LoCicero and that he was wearing a green parish uniform and glasses.
For his part, LoCicero presented the results of the three negative tests which he had had done three weeks after the initial test. He testified that he had never used cocaine and had no idea how the positive result came about. He also said that he wore a blue and white parish uniform rather than a green one and that he never wore glasses.
On the basis of the above evidence the Board ruled that the test was properly conducted and the result was accurate. It therefore upheld the action of the department in terminating LoCicero. Our review of the record shows that there was an ample evidentiary basis for finding that the chain of custody of the sample and the actual collection and testing procedures were properly done. Appellant does not assert here that the sample tested did not contain cocaine. Instead, he argues that because Ms. Owens' recollection of him as wearing green clothes and glasses was evidently mistaken, the rest of her testimony about the collection procedure should have been rejected. Were this done, he contends, then any factual findings identifying him with the sample would be wrong. We disagree. Even were the proposition accepted that Ms. Owens had no actual recollection of taking the sample, there would still be no explanation of how appellant's initials came to appear on the unbroken seals of both bottles and the bag when it was received by the laboratory had there in fact been a mixup of the samples. In this circumstance, we still find no manifest error in the *1209 determination that the samples were those provided by appellant.
Appellant's second allegation as to the proceeding before the Board is that it erred in not considering his assertion that the pretermination hearing accorded him was defective. The procedural facts concerning this issue are these. In his petition of appeal to the Personnel Board, appellant listed two grounds for relief, the second of which was a claim that he had been denied his constitutional right to a pretermination hearing. However, no evidence bearing on this allegation was presented at either the February 24, or the August 14, session of the hearing. After the matter had been submitted to the Board, appellant urged a motion to re-open the case for submission of his affidavit, or alternatively for the taking of further testimony, about the nature of the pretermination hearing of September 3, 1996. This motion was argued on October 28, 1997, and later denied by the Board. Appellant does not argue directly that the Board erred in not receiving further evidence after the case was submitted. Rather, he asserts that the Board erred in not finding that he was denied a proper pretermination hearing.
In this court's opinion, any adjudicative body must have the authority to control the order of proceedings before it, and absent an abuse of discretion in exercising that authority reviewing courts will not interfere in those proceedings. In the present case the matter was heard on two days some six months apart, and on neither occasion did appellant see fit to present evidence relating to the insufficiency of his pretermination hearing claim. At the end of the second day the presiding member of the Board asked if appellant had further evidence, was told he did not, and the matter was submitted for decision. On these facts, we find no abuse of the Board's discretion in its decision not to reopen the case to receive evidence concerning the pretermination hearing. Further, because no such evidence was allowed on this claim, there is nothing for this court to review on appeal, and we thus need not address this issue further.
In regard to the consolidated appeal, arising in the district court, the threshold question here is whether a final judgment sustaining an exception of lack of subject matter jurisdiction can form the basis of an exception of res judicata in a second suit subsequently brought in the same court and based on the same transaction or occurrence. Although there are cases which deal generally with this issue, we are aware of none which has resolved this precise problem. In the extant cases, the oft stated rule is that a ruling by one court that it lacks subject matter jurisdiction cannot form the basis of a plea of res judicata in another court, see Kelty v. Brumfield, 93-C-1142 (La.2/25/94), 633 So.2d 1210, and cases cited therein. However, in all of those cases the fact was that the second forum was different from the first, and typically the second forum did have jurisdiction over the claim. The correctness of this reasoning is manifest. Obviously dismissal of a claim by a federal court for lack of subject matter jurisdiction would not bar a proceeding on that same claim in a state court, where jurisdiction was proper. Similarly, a judgment rendered by a court without jurisdiction, even when affirmed on appeal, does not have preclusive effect on an action over which jurisdiction lies in another court or an administrative agency, Kelty v. Brumfield, supra.
However, none of the above cases present the precise question which is before us, i.e. can a judgment holding that a court lacks subject matter jurisdiction in a case form the basis of an exception of res judicata as to that same action subsequently brought in the same court? For the following reasons, we hold that it can. The purpose of the concept of res judicata is to put an end to disputes between the same parties which arise from the same transaction or occurrence, see La. R.S. 13:4231, Comments-1990(a). While we recognize that a judgment rendered on the merits by a court without subject matter jurisdiction is generally a nullity, that rule cannot be applied to a judgment like the present one where the decision initially made was simply whether the court could proceed further with the case. Pursuant to La.Code Civ. Pro., Art. 925(A)(6), relating to the declinatory exception of lack of jurisdiction over the subject matter of the action, district *1210 courts are required to exercise their threshold jurisdiction in deciding this issue. It would be anomalous indeed were it to be held that a judgment sustaining this exception would be a nullity for res judicata purposes in a subsequent suit in the same court. Such a ruling would permit endless re-litigation of that issue in direct contravention of the policy underlying the concept of res judicata.
The requirements for the res judicata effect of prior judgments are: 1) that the second suit be between the same parties as the first, and 2) that when the defendant has prevailed in the first suit, all actions arising out of the same transaction or occurrence underlying that suit are precluded, La. R.S. 13:4231. In the present matter, appellant brought the first action against Jefferson Parish and Martin Schwegmann as Director of the Jefferson Parish Department of Personnel. In his second, appellant named the three members of the Jefferson Parish Personnel Board, in their official capacities, as defendants. The parish charter provides that:
There shall be a personnel department consisting of a Personnel Director, who shall be the executive head of the department, and a Personnel Board, which shall be policy making and quasi-judicial in nature.
Obviously, these defendants are the same party, i.e. Jefferson Parish and its creature, the Personnel Department. As to the matters precluded, the underlying issue before the first court was simply whether it had subject matter jurisdiction over appellant's firing for a positive random drug test. The trial judge ruled that it did not. That judgment was not appealed and thus became final. When the second suit was filed, the defendant urged that the question of whether the court had subject matter jurisdiction over the case had already been litigated, and that the judgment in its favor precluded re-litigation of this same question. The trial judge agreed with that argument and, for the reasons expressed above, so do we. We therefore affirm the judgment sustaining the exception of res judicata in defendant's favor in the second suit.
The appellant argues here that although his right to appeal his termination lies within the exclusive jurisdiction of the Personnel Board, the district court nonetheless has jurisdiction to rule on the constitutionality of the rules and ordinances under which that board operates and that the first court erred in ruling otherwise. Because of our above ruling, however, appellant's arguments as to why the first court was wrong in deciding that it lacked jurisdiction in the case are moot. He could have litigated that issue in this court by way of direct appeal from the first judgment, but chose not to do so. Upon that judgment becoming final, he was precluded from re-litigating that issue, and his attempt to do so buy re-filing his suit was properly rejected on grounds of res judicata.
For the foregoing reasons, we affirm the judgments in these two consolidated cases.
AFFIRMED.