I,CANNELLA, Judge.
Plaintiff, Craig Bauer, appeals a judgment dismissing his action for production of public records on the basis of an exception of res judicata filed by Defendant, Walter Maestri (Maestri). We reverse and remand.
On June 19, 1995, Plaintiff filed a Petition for Writ of Mandamus, Injunctive Relief and Damages under La. R.S. 44:35 against Maestri and Martin Sehwegmann, custodians of certain public records of the Parish of Jefferson, seeking the disclosure of certain public records for inspection and copying. The suit further requested attorneys’ fees and damages pursuant to R.S. 44:35 for the arbitrary and capricious failure to provide the records when requested. This matter was dismissed on September 20, 1995 on an exception of lack of jurisdiction. The judgment was appealed. On June 7, 1996, this Court reversed that judgment and ordered the trial judge to hold a hearing, as required by the | sStatute.[1] Due to various continuances, the hearing was finally set for August of 2000.
On June 17, 1996, Plaintiff filed a separate suit for tort damages against William McGuire and Maestri for wrongful discharge from his employment, interference with contract, and defamation. Defendants responded with exceptions of prescription and no cause of action. On March 28, 2000, this second suit was dismissed based on the exceptions. The Plaintiff did not appeal that judgment.
Following the judgment dismissing the second suit, Maestri filed in the first suit a peremptory exception of res judicata, claiming that the March 28, 2000 judgment in the second case extinguished the claims in the first suit. The trial judge granted the exception on August 22, 2000.
On appeal, Plaintiff argues that the trial judge erred in granting the exception of res judicata because the suits are differ *791 ent and because the Defendant does not appear in both suits in the same quality or capacity.
The Defendant contends that the disclosure of the public records in the first suit is extinguished by the judgment dismissing the second suit because it arises from the same transaction or occurrence, the termination of Plaintiff from his employment with the Parish of Jefferson.
The exception of res judicata does not apply in this case. The preclusive effect is to a second suit by and against the same parties on the same issues as was raised in a first suit. In this case, the suit demanding the production of the public records was filed first.
|4La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent ...
[[Image here]]
(2) If the judgment is in favor of the Defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the Plaintiff or the Defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. [Emphasis added]
The Comments to the statute, as amended in 1991, state that,
(a) R.S. 13:4231 makes a substantial change in the law ...
[[Image here]]
Under new R.S. 13:4231 the second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action ....
[[Image here]]
(b) R.S. 13:4231 also changes the law by adopting the principle of issue preclusion. This principle selves the interests of judicial economy by preventing relit-igation of the same issue between the same parties... This proviso insures that the issue would have been fully developed by the parties in the first action and makes it |sfair to hold the parties bound to that initial determination .... [Emphasis added]
As indicated by the language of the statute, res judicata operates to bar a second suit by the same parties on the same issues. See: Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654 (La.1/16/96), 666 So.2d 624, 632; Seale v. Abadie, 99-771 (La.App. 5th Cir.1/12/00), 752 So.2d 971, 973; LoCicero v. Jefferson Parish Dept. of Fleet Management, 98-521 (La.App. 5th Cir.12/16/98), 722 So.2d 1205, 1210; Middleton v. Parish of Jefferson, 97-324 (La.App. 5th Cir.1/14/98), 707 So.2d 454, 455; Morris v. Haas, 95-75 (La.App. 5th Cir.5/30/95), 659 So.2d 804, writ denied, 95-2519, 95-2545 (La.12/15/95), 664 So.2d 441.
In this case, the judgment of dismissal is from the second suit. The second suit (in tort) was filed and the judgment was rendered at a time when the first suit was pending. Res judicata cannot be used to bar the continuation of a pending action. It can only be raised to bar a second suit filed after the first suit *792 has been reduced to final judgment or settlement. The exception of res judicata or of lis pendens could have been raised to bar the second suit for tort damages, but not the first suit. Thus, we find that the trial judge erred in dismissing the claim for production of public records in the first suit on the basis of res judicata.
In addition, when a party files a tort claim, he should not be barred from accessing the public records at any time. The right of the public to have access to the public records is a fundamental right guaranteed by the constitution. La. Const. Art. 12, § 3. This provision must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. Times Picayune Pub. Corp. v. New Orleans Aviation Bd., 99-237 (La.App. 5th Cir.8/31/99), 742 So.2d 979, 984.
Accordingly, the judgment granting the peremptory exception of res judicata is hereby reversed. The case is remanded for further proceedings. Costs for this appeal are to be paid by the Defendant.
REVERSED AND REMANDED.

. Bauer v. Maestri, 96-112 (La.App. 5th Cir.6/7/96), 676 So.2d 1096.